97 F.3d 1454
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
John CROSETTO, et al., Plaintiffs-Appellants,
v.
STATE BAR OF WISCONSIN, Defendant-Appellee.
 Nos. 96-1118, 96-1211.
 United States Court of Appeals, Seventh Circuit.
 Submitted Sept. 16, 1996.*
Decided Sept. 17, 1996.
 
 Before WOOD, Jr., EASTERBROOK and KANNE, Circuit Judges.
 
 Order
 
 1
 A prior decision, 12 F.3d 1396 (1993), affirmed the bulk of the district court's conclusions in this case but remanded a single issue for reconsideration: "whether the suit against the Wisconsin State Bar Association is properly considered a suit against the state qua state." On remand, the district court held that the State Bar is indeed part of the state and therefore dismissed under the eleventh amendment what remained of the suit.
 
 
 2
 After the appellate briefing in this case had been completed, another panel of this court held, in Thiel v. State Bar of Wisconsin, No. 95-3442 (7th Cir. Sept. 3, 1996), that the State Bar is part of the state, and that a federal court accordingly lacks jurisdiction to entertain a suit against it for either damages or prospective relief. See Seminole Tribe of Florida v. Florida, 116 S.Ct. 1114, 1124 (1996) ("the relief sought by a plaintiff suing a State is irrelevant to the question whether the suit is barred by the Eleventh Amendment"). The decision in Thiel resolves this case, too, adversely to the appellants.
 
 
 3
 Only one other matter calls for comment. After we remanded the case, plaintiffs sought to amend their complaint to drop the request for damages, to add defendants in order to facilitate claims under Ex Parte Young, 209 U.S. 123 (1908), and to add additional theories of liability. The district court denied this motion for two principal reasons: first, it would fundamentally alter the litigation many years after its inception; second, it would make this case a close cousin to Thiel, without good reason, for the plaintiffs in this case could take advantage of any victory in Thiel. This decision did not abuse the discretion a district court possesses over such matters. Amendment would have been inconsistent with our mandate, which required the resolution of one specific issue. And now that Thiel has been decided--adversely to the plaintiffs on all issues, not just the eleventh amendment--there is even less reason to go back to Square One.
 
 
 4
 AFFIRMED.
 
 
 
 *
 Originally scheduled for oral argument, this case was taken off the calendar and submitted for prompt decision after another panel released an opinion resolving the principal issue